NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GANESH GAUTAM, | No. 18-71657 |
| Petitioner, | Agency No. A089-313-544 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2020**
San Francisco, California

Before: BADE and BUMATAY, Circuit Judges, and MÁRQUEZ,*** District
Judge.

Ganesh Gautam petitions for review of the Board of Immigration Appeals

(BIA) order dismissing his appeal from an Immigration Judge's (IJ) denial of his

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Rosemary Márquez, United States District Judge for
the District of Arizona, sitting by designation.

applications for asylum and withholding of removal.  We review the agency's

factual findings for substantial evidence.  *Garcia-Milian v. Holder*, 755 F.3d 1026,

1031 (9th Cir. 2014).  Exercising jurisdiction under 8 U.S.C. § 1252, we deny the

petition for review.

1.      Credibility determinations are based on the "totality of the

circumstances, and all relevant factors," including "the consistency between the

applicant's . . . written and oral statements."  8 U.S.C. § 1158(b)(1)(B)(iii)

(asylum); 8 U.S.C. § 1231(b)(3)(C) (withholding of removal).  When evaluating

discrepancies between statements, "an omission may form the basis for an adverse

credibility finding."  *Lai v. Holder*, 773 F.3d 966, 971 (9th Cir. 2014).

Substantial evidence supports the determination that Gautam was not

credible as to his testimony about a March 2008 encounter with the Maoists.

Gautam testified that a gun was held to his head during that incident, but he

omitted any mention of a gun in connection with that incident in the declaration

supporting his asylum application.  This was a material detail that changed the

nature of the encounter and was more favorable to his position.  *See Zamanov v.*

*Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011).

The only explanation Gautam provided for that omission was that he "didn't

know" that he needed to include it.  In contrast, Gautam's declaration mentioned a

gun in connection with a February 2008 incident.  Because these factors

undermined Gautam's credibility, substantial evidence supports the adverse credibility determination and the BIA's determination that Gautam failed to show past persecution.

2.	This court lacks jurisdiction to consider Gautam's claim that the IJ failed to undertake an individualized determination of his well-founded fear of future persecution because Gautam did not exhaust that claim, and the BIA could have remedied the alleged error. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

3.	Additionally, substantial evidence supports the determination that Gautam could safely and reasonably relocate within Nepal. *See* 8 C.F.R. §§ 1208.13(b), 1208.16(b); *see also Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 999 (9th Cir. 2003).

Petitioner's motion for judicial notice is denied.

**PETITON DENIED.**